**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Willie Brown** | ) | **CASE NO. 1:06-cv-2632** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Jackson Hewitt, Inc.,** | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

Plaintiff Willie Brown claims that Defendant Jackson Hewitt, Inc. has violated the Ohio Credit Services Organizations Act by failing to register as a credit services organization and provide necessary documentation in connection with tax Refund Anticipation Loans ("RALs"). Plaintiff seeks to represent a class of Ohio residents who obtained RALs from Defendant. Defendant removed the action to this Court, and Plaintiff now asks the Court to remand the case to the Cuyahoga County Court of Common Pleas.  (Doc. 10).  For the following reasons, the motion is GRANTED.

### FACTS

Plaintiff's First Amended Class Action Complaint was filed in the Cuyahoga County Court of Common Pleas against Defendant for alleged violations of the Ohio Credit Services

Organizations Act ("CSOA").  Plaintiff claims that Jackson Hewitt prepared a RAL on his behalf on February 2, 2004.  Defendant prepared Plaintiff's 2003 federal income tax return and obtained an extension of credit for Plaintiff.  The cost of obtaining the extension of credit and fees for the preparation and filing of the tax return were included in the principal amount of the credit.

Plaintiff claims that Defendant violated Ohio law by failing to register as a credit services organization, R.C. § 4712.02, failing to provide proper documentation, R.C. §§ 4712.04, 4712.05, and engaging in unconscionable and deceptive acts or practices in connection with its services as a credit services organization, R.C. § 4712.07(D), (J), (L).  He seeks to represent a class composed of all Ohio residents who obtained a RAL from Defendant from August 29, 2002 to the present where Defendant received a fee and failed to comply the CSOA.

Defendant removed the action to this Court based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Defendant contends that this Court has jurisdiction over this matter because the class has more than 100 members, the amount in controversy exceeds $5 million and minimal diversity exists.  Plaintiff does not dispute that the 100 member and minimal diversity requirements are met.  The parties' only dispute is the amount in controversy.

Defendant's removal petition acknowledges that the First Amended Complaint is silent as to the amount of damages sought.  It notes that Plaintiff's requested relief includes permanent injunctive relief and restitution and disgorgement in an amount "at least equal to all sums collected by Jackson Hewitt[] for arranging or assisting to arrange RALs in violation of Ohio law," compensatory and punitive damages, attorneys' fees and other costs.  The removal petition states that Plaintiff's request for "damages, restitution and disgorgement" places the full $4

2

million of fees Defendant earned on RALs during the relevant period at issue in these proceedings.

Defendant's removal petition asserts that punitive damages, attorneys' fees and the cost of compliance with a potential injunction account for the remaining $1 million to meet CAFA's $5 million amount in controversy requirement.  With respect to punitive damages, the petition cites caselaw for the fact that courts consider punitive damages as part of the amount in controversy.  Although the punitive damage amount is unspecified, Defendant notes that it is constitutionally permissible to have punitive damage awards that are a number of times greater than compensatory awards.  It notes that "even a punitive damages estimate of a 1:1 ratio of compensatory damages would bring the amount in controversy well over CAFA's $5 million jurisdictional threshold."  With respect to attorneys' fees, Defendant again cites caselaw for the proposition that fees may be included in the amount in controversy.  Defendant then states that "Plaintiff's fees could easily exceed $1 million for a case fully litigated through appeals." Finally, Defendant cites caselaw for the proposition that a request for injunctive relief is included in the amount in controversy.  It states that "[t]he equitable relief requested by Plaintiff potentially could impose significant costs on Jackson Hewitt and should be included in the amount in controversy."

Plaintiff responded with a motion to remand challenging whether CAFA's $5 million amount-in-controversy requirement had been met.  Plaintiff's motion argues, *inter alia*, that Defendant does not provide sufficient evidentiary support that the $5 million threshold was exceeded.  Defendant then submitted an affidavit to the effect that Defendant earned more than $4 million in fees on RALs in Ohio during the relevant period.

3

## STANDARD OF REVIEW

Plaintiff asks the Court to remand this case to the Cuyahoga County Court of Common Pleas. Defendant removed this action, basing jurisdiction on CAFA, 28 U.S.C. § 1332(d). CAFA provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—any member of a class of plaintiff is a citizen different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). The proposed class must also include at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

When the underlying complaint seeks an indeterminate amount of damages, the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Gafford v. Gen'l Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). CAFA does not alter this burden.[1]  *E.g., Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006). "All doubts as to the propriety of removal are resolved in favor of remand." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

---

[1] There was once some debate on this issue based on CAFA's legislative history. *See Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 455 F. Supp. 2d 1323, 1326-27 (M.D. Ala. 2006) (discussing the debate over whether CAFA shifted the burden to plaintiffs). The vast majority of courts and all Courts of Appeals to consider the issue have held that CAFA does not shift the burden to the plaintiff in removed cases. *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

4

## DISCUSSION

Plaintiff makes two main arguments that Defendant has not met its burden to remove this case.  First, Plaintiff argues that the $4 million figure presented by Defendant as the amount of compensatory damages in controversy is not supported by competent evidence.  Second, assuming *arguendo* that Defendant can support its compensatory damage figure, Plaintiff believes that the evidence of potential punitive damages, attorneys' fees and injunction-related costs is insufficient to bridge the $1 million gap to the amount in controversy.

The Court agrees with Defendant that it has met its burden of proving compensatory damages at issue of $4 million.  Plaintiff does not challenge Defendant's method for computing damages or that the full $4 million of RAL fees is at issue.  In light of the affidavit submitted with Defendant's opposition brief, the Court finds adequate evidence to support Defendant's burden that $4 million in compensatory damages is at issue.  *See Pittman v. Chase Home Finance, LLC*, No. 1:05-cv-2470, 2006 U.S. Dist. LEXIS 18038, *7 (N.D. Ohio April 6, 2006); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (explaining that "a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal").

Moving to the indeterminate damage amounts, the first issue is who carries the burden with respect to the punitive damages issue.  Although the overall burden of proving jurisdiction is quite clearly on Defendant,[2] Defendant mentions a number of times that Plaintiff has the

---

[2]     Defendant's brief appears to claim that the burden for the overall remand inquiry is Plaintiff's and that Plaintiff must prove to a "legal certainty" that his claim is less than $5 million.  *See* Doc. 15 p. 1, 8 (arguing that Plaintiff "fails to prove to a legal certainty that he is unable to recover more than $5 million" and that "Plaintiff

burden of proving "to a legal certainty" that punitive damages, attorneys' fees and injunction-related costs will not exceed $1 million.

The starting point is that all three are to be considered in the amount-in-controversy calculation. *Hayes*, 266 F.3d at 572 (punitive damages); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) (attorneys' fees); *Pennsylvania R.R. Co. v. Girard*, 210 F.2d 437, 439 (6th Cir. 1954) (injunction-related costs). Defendant pulls the "legal certainty" language from *Hayes v. Equitable Energy Resources Co.*, in which the Sixth Court stated in a removal case the following:

> "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

*Hayes*, 266 F.3d at 572.

Although this quotation could be understood to place such a burden on a plaintiff when

---

cannot demonstrate that an award exceeding $5 million is not recoverable to a 'legal certainty'"). The Court assumes that Defendant is referring to the burden for punitive damages, attorneys' fees and injunction-related costs, since those are the main indeterminate amounts at issue and there is at least a reasonable (but ultimately incorrect) legal basis for arguing that Plaintiff bears the burden on these issues. To the extent Defendant argues that Plaintiff carries the overall burden to prove that remand is proper to a legal certainty, it is clearly wrong. *See Gafford*, 997 F.2d at 158 (holding that a removing defendant must prove that removal is proper under a more likely than not standard); *Morgan*, 471 F.3d at 473 (holding that the same standards apply to removal under CAFA). Defendant acknowledges this rule in its brief (Doc. 15 p. 3) and does not even argue that CAFA alters this burden.

6

taken out of context,[3] the Court declines to do so. The *Hayes* Court never actually applied this burden to the plaintiff. Two paragraphs later the *Hayes* Court clearly placed the "burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Id*. at 572. Later in the opinion the Court repeatedly placed the burden on the defendant. *Id*. at 573 (explaining that the defendant "has met its burden of showing by a preponderance" and "has met its burden of demonstrating satisfaction of the amount in controversy for diversity jurisdiction").

It is also important to consider the cases cited in *Hayes.* For the rule that the removing defendant carries the burden, the *Hayes* Court cited the Sixth Circuit case of *Gafford v. Gen'l Elec. Co.*, 997 F.2d at 158. The *Gafford* Court discussed the jurisdictional burdens in detail. *Gafford* explained that where a plaintiff brings a claim in federal court in the first instance, the plaintiff's claim for an amount above the jurisdictional minimum controls unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id*. at 156. The Eleventh Circuit case of *Holley Equip Corp. v. Credit Alliance Corp.*, cited in *Hayes* for the legal certainty rule*,* involved just such a situation—i.e, the *Holley* plaintiff originally brought the case in federal court. *Holley*, 821 F.2d at 1532, 1535. However, as the *Gafford* Court explained, "[a] different situation is presented in the case of a suit instituted

---

[3]     Some district courts have placed a legal certainty  burden on the plaintiff in a motion to remand. *Hollon v. Consumer Plumbing Recovery Center*, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006); *Dennis Bruce Landscape Mgmt. Servs., Inc. v. Merchants Mut. Ins. Co.*, No. 06-1517, 2007 U.S. Dist. LEXIS 3328, * 5-6 (W.D. Pa. Jan. 17, 2007); *Matusiak v. Am. Family Mut. Ins. Co.*, 2006 U.S. Dist LEXIS 44572, *4 (S.D. Ind. June 29 , 2006).  However, these cases cite authority where the plaintiff originally filed in federal court.

in state court and thence removed." *Gafford*, 997 F.2d at 157.  After an extensive analysis of the

possible standards to apply to a motion to remand, the *Gafford* Court concluded that where the

complaint seeks an unspecified amount the defendant must prove it more likely than not that the

amount-in-controversy is met.  *Id.*

 Accordingly, this Court agrees with other courts within the Sixth Circuit that the

removing defendant must meet a preponderance burden for all issues, including punitive

damages, attorneys' fees and injunction-related costs.  *See Bower v. Am. Cas. Co. of Reading,*

*Pa.*, No. 99-4102, 2001 U.S. App. LEXIS 18053, *8-11 (6th Cir. Aug. 6, 2001) (determining that

the removing defendant had not met its burden with respect to punitive damages); *Bush v. GE*

*Transp.*, No. 1:05-cv-1360, 2006 U.S. Dist. LEXIS 12821, *4-5 (N.D. Ohio Mar. 22, 2006)

(applying the more likely than not standard);  *Midwest Motor Supply Co. v. Addis*, No. 2:05-cv-

0733, 2006 U.S. Dist. LEXIS 4663, *9 (S.D. Ohio Jan. 23, 2006) (explaining that a claim for

punitive damages "is done in the same way as the claim for compensatory damages" in that the

burden is on the removing defendant).

 The next issue is the type of evidence required to meet this preponderance burden.  One

court summarized the proper considerations as follows:

> In making this calculation, a federal court "should consider the plaintiff's
> motives; should look at prior lawsuits between the parties, if any; should look at
> awards in similar lawsuits between other parties; should consider any other
> evidence defendant may have; and should exercise its common sense."

*Hahn v. Auto-Owners Ins. Group*, No.: 3:04-cv-380, 2006 U.S. Dist LEXIS 70299, *2 (E.D.

Tenn. Sept. 27, 2006) (quoting *Graham v. Champion Int'l Corp.*, No. 2:97-cv-83, 1997 U.S.

Dist. LEXIS 7401, *9 (E.D. Tenn. May 16, 1997)).  Other "[e]vidence may include party

affidavits [, a] . . . demand in a prior action which is based on the same events as the present

action . . and pretrial testimony." *Richmond v. Polulous Group, LLC*, No. 4:05-cv-1900, 2005 U.S. Dist. LEXIS 20934, *4-5 (N.D. Ohio Sept. 23, 2005).

Defendant has apparently placed all of its eggs in the "common sense" basket. Beyond citing that punitive damages, attorneys' fees and injunctive relief are available for Plaintiff's claims, Defendant has done little to place a monetary value on any such potential recovery. With respect to punitive damages, Defendant simply argues as follows:

> [T]he amount of punitive damages should be deemed, at a minimum, to be equal to the amount of actual damages at issue in light of the Supreme Court recognizing that punitive to action damage ratios less than 10:1 likely are Constitutional. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (stating that "[s]ingle digit multipliers are more likely to comport with due process . . . than awards with ratios in the range of 500 to 1"). A 1:1 punitive to actual damages calculation places the amount in controversy here at more than $8 million, fully satisfying the jurisdictional monetary amount requirement under CAFA.

(Doc. 15, p. 6-7); *see also* Removal Petition, Doc. 1 ¶ 11 (same).

With respect to attorneys' fees, Defendant declares that "attorneys fees and costs could equal 25% of the potential damages . . . in full accord with attorneys' fees awards in complex consumer class action litigation that is fully litigated through appeals." (Doc. 15, p. 7); *see also* Removal Petition, Doc. 1 ¶ 12 (same). Defendant also faults Plaintiff for failing to provide an alternative amount or calculation methodology.

Finally, Defendant states without elaboration that "[t]he equitable relief requested by Plaintiff potentially could impose significant costs on Jackson Hewitt through registration, fee payment, bond requirements and numerous compliance obligations under the CSOA." (Doc. 15, p. 8); *see also* Removal Petition, Doc. 1 ¶ 11 (same).

The Court finds that Defendant has failed to meet its burden. The Court cannot simply

9

assume away a $1 million dollar gap. *See Bower*, 2001 U.S. App. LEXIS 18053, *8-11 (rejecting the removing defendant's "belief" that the claim exceeds the jurisdictional threshold); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1427 (2d Cir. 1997) (rejecting a removing defendant's "belief" that punitive damages will "undoubtedly" exceed the jurisdictional threshold); *Midwest Motor*, 2006 U.S. Dist. LEXIS 4663, *10-11 (concluding that the defendant could not meet its burden without evidence concerning the punitive damages claim); *Tippett v. Amica Mut. Ins. Co.*, No. 05-73119, 2006 U.S. Dist. LEXIS 2819, *6-7 (E.D. Mich. Jan. 20, 2006) (remanding a case where the removing Defendant failed to "prove facts sufficient to support federal jurisdiction"); *Richmond*, 2005 U.S. Dist. LEXIS 20934,*5 ("Reliance on speculation and conjecture is contrary to the Sixth Circuit's requirement that the subject matter jurisdiction inquiry should be determined by a preponderance of the evidence."). Indeed, under Defendant's logic that the Court can presume a 1:1 punitive ratio and a 25% attorneys' fee award based solely on the fact that such damages are available, all class actions with $2.22 million of compensatory damages at issue would automatically qualify for CAFA.[4] Defendant's scenario is contrary to the idea of federal courts as courts of limited jurisdiction and the long-standing principle that all doubts are resolved in favor of remand. *See Bower*, 2001 U.S. App. LEXIS 18053, *10-11 ("A conclusion to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of federal courts as courts of limited jurisdiction."). While Defendant appeals to common sense, common sense also counsels that a sophisticated corporate party such as Defendant would present demand letters, similar verdicts or other evidence to support federal

---

[4]    ($2.22 million * 2) + ($2.22 million * 0.25) = $5 million.

jurisdiction if such evidence existed.  Defendant's total failure to make such a showing is telling.

Plaintiff also provides a strong showing that remand is appropriate.  Plaintiff represents and Defendant does not dispute that Ohio courts have never awarded punitive damages in a CSOA case.  Punitive damages are rendered even more unlikely in this case by the fact that they may only be awarded upon a showing of actual malice.  *Burns v. Prudential Sec., Inc.*, 857 N.E.2d 621, 646 (Ohio. App. 2006).  Considering that Defendant's alleged violation was a failure to register and distribute documentation, a finding of malice is quite unlikely.  With respect to attorneys' fees, this case does not appear particularly complicated.  The main issue is simply whether Defendant is subject to the CSOA.  Defendant's speculation that fees will equal 25% of compensatory damages is not enough.  *See, e.g., Jackson v. Am. Gen. Financial Servs, Inc.*, No. 7:06-cv-19, 2006 U.S. Dist. LEXIS 19927, *7-8  (M.D. Ga. Apr. 17, 2006) (noting that the defendants failed to offer any evidence of attorneys' fees).  Finally, absent some evidence from Defendant the Court does not perceive that the costs of complying with an injunction—such as registering with the State of Ohio—put a significant dent in the $1 million gap between compensatory damages and the amount-in-controversy requirement.

This result should come as no surprise.  Numerous courts have rejected attempts at removal that were supported by a much stronger showing than Defendant brings to the Court today.  *Lowery v. Honeywell Int'l, Inc.*, 460 F. Supp. 2d 1288 (N.D. Ala. 2006) (rejecting "Defendants' hopeful conjecture based on Alabama jury verdicts in cases that may have some similarity to this case, but are not closely similar"); *Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1180 (W.D. Wash. 2006 ) (rejecting claim that injunctive relief exceeds $876,000 necessary to surpass the $5 million CAFA threshold); *Surber v. Reliance Nat'l Indem. Co.*, 410 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (remanding even though the defendant

11

submitted the plaintiff's statement of damages); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) (finding that the defendant failed to meet its burden where the cases submitted to prove punitive damages were not shown to be analogous to the facts of the case); *DKNP, L.L.C. v. Hartford Cas. Ins. Co.*, No. 06-cv-632-JHP, 2007 U.S. Dist. LEXIS 2447, *12 (N.D. Ok. Jan. 10, 2007) (noting that the removing defendant "fails to demonstrate the factual similarity between [cited] cases and the present case"); *Parrigin v. Pfaff Indus. Of Am., Inc.*, No. 1:06cv-160-R, 2006 U.S. Dist. LEXIS 92135, * 12 (W.D. Ky. Dec. 19, 2006) ("Although Defendant provides the Court with the range of these verdicts, he does not provide any indication as to where on this range the punitive damages in the case on hand would fall."); *Sparks v. Geico Cas. Co.*, No. 05-434, 2006 U.S. Dist. LEXIS 77343, *9-10 (N.D. Ok. Oct. 20, 2006) (explaining that the defendant failed to "provide any meaningful way by which to judge the value of th[e] claim"); *Williams v. Omaha Paper Stock, Inc.*, No. 4:06cv884, 2006 U.S. Dist. LEXIS 51007, *8 (E.D. Mo. July 25, 2006) (finding that a listing of other cases was insufficient absent proof of similarity with the case at bar); *Wheeler v. Allstate Floridian Indem. Co.*, No. 3:05-cv-208, 2006 WL 1133249, *2 (N.D. Fla. Apr. 26, 2006) (finding that the CAFA threshold was not met despite evidence of similar claims filed by plaintiffs' counsel).

### **CONCLUSION**

For the forgoing reasons, Plaintiff's motion to remand is GRANTED.


IT IS SO ORDERED.


　　　　　　　　　　/s/ Patricia A. Gaughan
　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　United States District Judge

Dated:  2/26/07